789 F.2d 569
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Michael FLOWERS, Defendant-Appellant.
UNITED STATES of America ex rel. Orville MILLER, Petitioner-Appellant,
v.
Michael O'LEARY, Warden, and Neil F. Hartigan, Attorney
General of Illinois, Respondents-Appellees.
 Nos. 86-1514, 85-1524.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 10, 1986.
Decided April 25, 1986.
 
 Orville Miller, pro se.
 Steven R. Decker, Chicago, Ill., for defendant-appellant.
 Terence M. Madsen, Asst. Atty. Gen., Robert R. Breisblatt, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.
 Before CUMMINGS, Chief Judge, BAUER and WOOD, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have consolidated these two cases for the limited purpose of discussing a recurring issue that involves the gray area of where the district court's authority ends and where our authority begins in the area of supervising trial attorneys who do not want to handle their client's appeal. In both cases, the district court granted motions to withdraw filed after judgment was entered. We vacate both orders.
 
 
 2
 In 86-1514, an appeal of a criminal conviction, defendant Flowers was represented at trial by Steven R. Decker, his retained attorney. On the same day that Decker filed his client's notice of appeal and motion to proceed on appeal in forma pauperis, Decker filed a motion to withdraw, which was granted by the district court. Circuit Rule 2(c),[1] however, provides that counsel in a criminal case, whether retained or appointed, must continue to represent a defendant wishing to appeal unless this court, not the district court, grants a motion to withdraw. Once a defendant in a criminal case is convicted and sentenced, the district court should not rule on an attorney's motion to withdraw; our responsibility of ensuring that trial counsel perfects a defendant's appeal--a duty embodied by Circuit Rule 2(c)--requires that we rule on motions to withdraw filed after judgment has been entered. We have seen too many examples of criminal defense attorneys wanting to bail out on appeal while leaving their clients in the lurch. See, e.g., United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). The purpose of Rule 2(c) is to provide a means by which we can oversee this area on a circuit-wide basis and apply consistent standards in ruling on motions to withdraw.
 
 
 3
 The situation in 86-1524 is similar but the source of our authority to decide this motion to withdraw is different. Miller is a habeas corpus case. Petitioner filed his pro se notice of appeal on November 14, 1985. The district court subsequently granted petitioner's pro se request for a certificate of probable cause pursuant to Fed.R.App.P. 22(b), thus allowing this appeal to proceed; in addition, on February 24, 1986 the district court granted the motion to withdraw filed by petitioner's court-appointed attorney, Ian McMillan.
 
 
 4
 Circuit Rule 2(c) applies only to criminal cases; by its terms it does not apply to habeas actions. Attorneys are appointed in habeas corpus cases pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. Sec. 3006A(g).[2] The Seventh Circuit has adopted a plan to implement the CJA, and one of the plan's requirements is that court-appointed counsel must represent their clients on appeal unless we grant a motion to withdraw.[3] Although the requirements for continued appellate representation in habeas cases are not as stringent as those for criminal appeals,[4] once judgment has been entered in the district court any motion to withdraw by counsel must be filed in this court.
 
 
 5
 Accordingly, we must vacate both district court orders at issue here. If the attorneys wish to renew their motions in this court they must do so within fourteen days of the date of this opinion.
 
 
 6
 IT IS SO ORDERED.
 
 
 
 [1]
 Circuit Rule 2(c) provides in its entirety:
 Duties of Criminal Trial Counsel. Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal until specifically relieved by the court of appeals upon a motion to withdraw for good cause. If trial counsel was appointed by the district court and a notice of appeal has been filed, trial counsel will be appointed as appellate counsel without further proof of the client's indigency. If the client was not found to be eligible for Criminal Justice Act representation in the district court but appears to qualify on appeal, trial counsel must immediately assist the client in filing a motion to proceed as an indigent with the district court. If the motion to proceed as an indigent is granted, the Court of Appeals will appoint trial counsel as appellate counsel unless the district court informs the Court of Appeals that new counsel should be appointed. If the motion is denied by the district court, trial counsel may file a similar motion in the court of appeals.
 Any motion to withdraw for good cause must be filed in the court of appeals within 10 days of the notice of appeal. The court of appeals will make all appellate appointments.
 
 
 [2]
 18 U.S.C. Sec. 3006A(g) provides:
 Discretionary appointments.--Any person subject to revocation of parole, in custody as a material witness, or seeking relief under section 2241, 2254, or 2255 of title 28 may be furnished representation pursuant to the plan whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation. Payment for such representation may be as provided in subsections (d) and (e).
 
 
 [3]
 In particular the plan provides:
 In all cases on appeal where the defendant was represented in the District Court by court appointed counsel, such counsel shall continue to represent the defendant on appeal, unless and until relieved by order of this Court. The Court may, in appropriate cases, designate such counsel to continue on appeal.
 A first reading might indicate that this provision does not apply to habeas cases; it speaks of "defendant," not "petitioner." But "defendant" is used throughout the plan when referring to the indigent person who has court-appointed counsel. Since the introductory section of the plan plainly states that it applies to persons seeking collateral relief, subject to the conditions of 18 U.S.C. Sec. 3006A(g), the intent cannot have been to limit the CJA plan to criminal defendants. Clearly the plan was meant to apply to habeas petitioners. Moreover, this has been the court's consistent interpretation of this provision since we adopted the plan in 1971.
 The CJA plan is reproduced in its entirety in the Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit, which is available in the clerk's office.
 
 
 [4]
 For example, attorneys in criminal appeals must show "good cause" before a motion to withdraw will be granted; there is no such requirement in other appeals involving appointed counsel. Compare Circuit Rule 2(c), supra n. 1, with the CJA plan, supra n. 3. In addition, Rule 2(c) applies to all criminal defense attorneys, not just appointed counsel; the CJA plan does not cover retained attorneys in habeas cases