UNITED STATES of America,
Plaintiff-Appellee,

v.

**Paul M. GERRITY,**
**Defendant-Appellant.**

UNITED STATES of America,
Plaintiff-Appellee,

v.

**Thomas PONCHIK,**
**Defendant-Appellant.**

Nos. 85–2167, 85–2972.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 1986.

Decided Nov. 5, 1986.

John S. Newberry, Gladstone, Mo., Richard C. Kloak, Elmwood Park, Ill., Kathryn Hall, Chicago, Ill., for defendants-appellants.

Scott Turow, Asst. U.S. Atty., Anton Va-
lukas, U.S. Atty., Chicago, Ill., Barbara B.
Berman, Jan E. Kearney, Nathan A. Fish-
bach, Asst. U.S. Attys., Joseph P. Stad-
mueller, U.S. Atty., Milwaukee, Wis., for
plaintiff-appellee.

Before BAUER, Chief Judge, and CUM-
MINGS and EASTERBROOK, Circuit
Judges.

PER CURIAM.

The criminal defense bar has a special
responsibility to its clients and to this
court. The defendants, often imprisoned
while their appeals are pending, depend on
their attorneys to prosecute their appeals
vigorously; the sixth amendment's guaran-
tee of effective assistance of counsel on
direct appeal, *Evitts v. Lucey*, 469 U.S. 387,
105 S.Ct. 830, 83 L.Ed.2d 821 (1985), re-
quires no less. And we rely on counsel to
present criminal cases to us in a timely
fashion because we schedule oral argument
in direct criminal appeals expeditiously.

The defense attorneys in these two cases
have shirked their obligations. The defend-
ant in *United States v. Gerrity*, No. 85–
2167, is represented by retained counsel,
John S. Newberry of Gladstone, Missouri.
The appeal was docketed on July 10, 1985,
which meant that Newberry's brief was
due on or before August 19, 1985. Circuit
Rule 4(b). No brief was filed, and on No-
vember 20, 1985, we ordered Newberry to
explain why the appeal should not be dis-
missed for lack of prosecution. Newberry
responded by asking that the appeal be
held in abeyance until Gerrity's motion to
proceed *in forma pauperis* could be decid-
ed. We granted Newberry's request, and
when we denied the motion we ordered
Newberry to file a brief by May 5, 1986.
Again not receiving a brief, we twice or-
dered Newberry to show cause, first to
show why the appeal should not be dis-
missed, and second to show why Newberry
should not be disciplined for failing to pros-
ecute this appeal despite his professional

obligation to do so. See Circuit Rule 2(b);
*United States v. Flowers*, 789 F.2d 569,
570 (7th Cir.1986).* Newberry did not re-
spond to either order. In fact, in the 16
months this appeal has been pending, New-
berry has filed only two documents with
us: the motion to hold the case in abeyance
and the motion to proceed on appeal *in
forma pauperis*. He has not filed a brief,
a motion for extension of time, or an expla-
nation why he has not prosecuted this ap-
peal.

We have had a similar experience with
*United States v. Ponchik*, No. 85–2972.
When we appointed Richard Kloak of Elm-
wood Park, Illinois, to represent Ponchik,
we set February 24, 1986, as the briefing
deadline. When no brief was filed, we
ordered Kloak to show cause why he
should not be disciplined. Kloak's written
response blamed his delay on two trials he
had been involved in, difficulties in obtain-
ing the record and the files of Ponchik's
trial attorneys, and Kloak's limited ability
to communicate with his client, who was
incarcerated in Minnesota. We granted
Kloak the extension of time he requested
and ordered his brief filed by May 15.
Kloak has not filed a brief or another mo-
tion for extension of time, and he has not
responded to two more rules to show cause
issued in July.

In recent months we have been forced to
discipline several attorneys who are unable
or unwilling to comply with this court's
rules and orders. See *United States v.
Bush*, 797 F.2d 536, 537 (7th Cir.1986) (col-
lecting cases). The misconduct at issue
here is more serious: attorneys Newberry
and Kloak not only have not filed briefs
but also have not filed anything else; for
all we know, they have vanished from the
face of the earth. Meanwhile their clients
sit in jail, presumably believing that their
appeals are proceeding. This is intolerable.
Accordingly, we discipline Newberry and
Kloak as follows: each is suspended indefi-
nitely from practice in this court and fined

---

* Circuit Rule 2(b), cited above, is the same rule
quoted as Rule 2(c) in *Flowers*, 789 F.2d at 570

n. 1. Since *Flowers* was decided we have re-
numbered some of our Circuit Rules.

$500.00, payable by certified check to the United States Treasury within two weeks of the date of this opinion. Newberry and Kloak are not members of this court's bar and so cannot be disbarred, but neither will be allowed to file additional documents or participate in any way in future cases. Copies of this opinion will be sent to the appropriate state disciplinary bodies. In addition, we will appoint substitute counsel for Ponchik. Because Newberry is retained counsel, we cannot do the same for Gerrity. We will, however, send a copy of this opinion to Gerrity and give him 30 days from the date of this opinion to retain new counsel and have that person file an appearance.

We reiterate what we have said in earlier opinions: lawyers for criminal defendants must prosecute their cases actively. Attorneys who ignore clients' cases do so at their own peril; those who disregard our rules can expect to be penalized severely.