**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Claudia A. FORD, Defendant-Appellant.**

**No. 85–3161.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 7, 1986.

Decided Nov. 25, 1986.

Earl L. Washington, Chicago, Ill., for defendant-appellant.

Scott F. Turow, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY, POSNER, and COFFEY, Circuit Judges.

PER CURIAM.

This is an attorney disciplinary matter. On December 3, 1985, almost a year ago, Claudia Ford was sentenced to 10 years in prison for bank robbery and related offenses for which a jury had convicted her. She was not admitted to bail pending appeal. On May 16, 1986, this court granted her motion to substitute Earl Washington for her previous attorney, and directed that he file his opening brief by June 18. No brief was filed, and on July 14 this court issued a rule to show cause why Mr. Wash-

ington should not be disciplined for his violation of the briefing schedule. Although the rule directed him to respond within 14 days, he took almost six weeks, responding on September 4 with an affidavit stating that he had become involved in other trials and had inadvertently failed to determine the date for filing the brief in this case, and also that he had been greatly distracted by the relocation of his law office. We accepted this explanation and gave him till September 29 to file his brief. September 29 came and went, and no brief was filed. On October 17 we issued a second rule to show cause why he should not be disciplined, to which Mr. Washington responded on November 3 explaining that he had been unable to prepare the brief on time because the court reporter had misplaced her notes of one part of the trial. Attached to the response is an undated letter to Washington from the reporter apologizing for any inconvenience caused. With the response Washington filed a motion for leave to file the brief instanter, plus the brief—a perfunctory job, 10 double-spaced typed pages in length with no case citations. He has not requested an oral hearing before imposition of discipline. See Fed.R.App. P. 46(c).

It is plain to us that Mr. Washington should not be allowed to represent litigants in this court, and he is hereby indefinitely suspended from practicing in this court (we cannot disbar him because he is not a member of the bar of this court), and fined $500 to be paid, in the office of the clerk of this court by certified check to the U.S. Treasury, within two weeks of the date of this order. While his client languishes in prison, her lawyer flouts our rules, delays the appeal, and when he finally files a brief, files one that makes no serious effort to persuade the court to reverse. He ignored the first deadline for filing his brief, ignored the deadline in our order to show cause, ignored the second deadline for filing his brief, then filed more than a month late—and only after additional prodding by a rule to show cause—a brief that represents minimal effort, at best.

As emphasized in our recent opinion in *United States v. Gerrity*, 804 F.2d 1330 (7th Cir.1986) (per curiam), where we indefinitely suspended and fined $500 each of two criminal defense lawyers who as in this case had flagrantly failed to file their briefs on time, we shall not tolerate a situation in which criminal lawyers court disaster for their clients as well as demonstrate disrespect for this court by flouting our rules on timely briefing. Let these two opinions serve as unmistakable warnings to the criminal bar.

The government has moved to dismiss the appeal for want of prosecution. As there is no indication that the defendant is complicit in (or even knows about) her lawyer's disregard of our rules, we shall not visit the extreme sanction of dismissal on her. We shall mail this opinion to her, and she shall have 30 days from the date of this order in which either to retain a new lawyer or to request this court to appoint a lawyer for her. Her appeal brief shall be due 90 days from today.

SO ORDERED.