UNITED STATES of America, Plaintiff–Appellee,

v.

Myong Hwa SONG, Defendant–Appellant.

No. 89–2453.

United States Court of Appeals, Seventh Circuit.

Submitted April 30, 1990.
Decided May 21, 1990.

Thomas O. Plouff, Asst. U.S. Atty., South Bend, Ind., Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Sung Jin Kim, Chicago, Ill., for defendant-appellant.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

**610**

PER CURIAM.

Myong Hwa Song was convicted and is serving time, her application for bail pending appeal having been denied. Her trial lawyer, Robert D. Truitt, filed the appeal in July 1989 and prosecuted the application for bail. Sung Jin Kim joined the team as an additional lawyer in August 1989. Two weeks later we allowed Truitt to withdraw, leaving Kim as Song's sole representative.

Between August 1989 and January 1990 Kim did nothing to assist Song, filing neither a brief nor an application for an extension of time. On January 24, 1990, we issued an order requiring Kim to show cause why he should not be disciplined for neglect of his client. The order required Kim to reply by February 7. We received nothing until March 6, when Kim faxed to the clerk of the court a motion for an extension of time to file the opening brief. Kim asserted that he had mailed this application on February 20. This document would have been untimely even had it reached the court on February 20. Kim represents that since July 1989 a request for a transcript has been pending with the court reporter and that because none has been prepared to date he needs additional time. He also states that Song wishes to "forget about" the appeal if immigration officials assure her that she will not be deported on release, and that he is waiting for their reply to his inquiries. (Kim's filing is not entirely clear; another possible interpretation is that Song wishes to drop the appeal and does not recognize the effect the conviction may carry for her presence in the country. In the absence of a motion to dismiss the appeal signed by Song, see Circuit Rule 51(d), the different interpretations do not matter.) Kim does not explain why he did not file any document, even a motion for an extension of time, between August 1989 and March 1990.

A copy of Kim's application reached the court reporter, who filed with this court a letter recounting that Kim asked for a transcript but withdrew that request on learning that Truitt already had ordered a copy and that an additional one would be costly. The court reporter writes that "Mr. Kim stated he would get in touch with Mr. Truitt and his client and call me back later in the day. Mr. Kim called me later that day and told me to cancel his request for a transcript. Mr. Truitt's transcript was mailed to him on July 27, 1989 and a copy of the same was filed with the clerk of this court." Because the court reporter's letter contradicted the statements in Kim's application for additional time, we issued an order requiring Kim to file a response by April 23. No response has been filed, and Kim has not returned phone calls from the clerk of this court.

Kim has disregarded orders issued by this court and evidently has abandoned his client. Despite notices under Fed.R.App.P. 46, Kim has not requested a hearing. His regard for the truth seems to be no greater than his regard for his client. If he were a member of this court's bar, we would now disbar him. But he is not; he filed an appearance form without troubling to indicate that he has never been admitted to our bar. Consistent with our practice, *United States v. Ford*, 806 F.2d 769 (7th Cir.1986); *United States v. Gerrity*, 804 F.2d 1330 (7th Cir.1986), we fine Kim $1,000 and direct the clerk to accept no further filings from him. He will not be allowed to practice in this court in any fashion in the future. The court will appoint new counsel for Song under the Criminal Justice Act. A copy of this opinion will be sent to officials responsible for the discipline of members of the Illinois bar, to which Kim belongs.

SANCTIONS IMPOSED.