[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Statewide Grievance Committee (Committee) brings this presentment of Attorney Norman E. Whitney alleging professional misconduct pursuant to Connecticut Practice Book 31.
The basic facts of the case are essentially undisputed. The defendant has been a member of the bar since 1969. In 1982, he received a reprimand by the Tolland Judicial District Grievance Committee for failing to represent a client with necessary diligence. Later that year he was placed on inactive status on account of disability, but was reinstated in May 1983.
In January 1990, the defendant filed an appearance in superior court in Hartford in behalf of Francisco Ramos, who had been charged with the crimes of Arson in the First Degree (General Statutes 53a-111), Risk of Injury to a Minor (53a-21), and Threatening (53a-62). Ramos had previously pleaded not guilty and elected trial by jury on all charges. On January 18, the defendant appeared in court to argue for a reduction in Ramos's bail. At that time, the court (Norko, J.) continued the case to February 2, 1990, and ordered the defendant, the assistant state's attorney handling the case, and Ramos to be present for a pretrial conference.
On January 23, 1990, the defendant wrote Judge Norko stating, "Rather than send me a notice of when that date [for a pretrial] might be, please merely have the case set down for a firm jury." He then went on to state his opinion that it would be "absolutely senseless, time-consuming and unfairly expense-producing . . . to coerce him [Ramos] to go to a hearing which is a breach of his constitutional rights." The defendant thereafter repeatedly refused the court's explicit orders to attend pretrial conferences in behalf of his client. In all, he refused to obey the court's orders to attend pretrials at least six times until he finally did appear in August 1990, when the case was called for trial. During this period, Judge Norko fined the defendant $100 on two occasions, pursuant to General Statutes 51-84b. The defendant has not paid those fines. Judge Norko filed the complaint with the Committee which is the basis of this presentment. CT Page 7833
Although the defendant deliberately disobeyed the court's orders to appear in court for his client, he testified that he visited Ramos in jail many times, that he interviewed Ramos's family and other witnesses, and that he thoroughly investigated the case and prepared for trial. There was no evidence to the contrary.
On the day set for trial, the defendant conferred with the assistant state's attorney, the trial judge (Miano, J.), and Ramos. After negotiations, the state reduced the charges against Ramos, and he accepted a disposition of his case which involved a short jail sentence followed by probation. The Committee concedes that the defendant's efforts were instrumental in obtaining a favorable resolution of the charges against Ramos. Ramos himself did not complain to the Committee about the defendant's representation of him.
The defendant seeks to justify his failure to comply with the court's orders to attend pretrial conferences on two grounds. First, he claims that the orders violated his client's rights under the federal and state constitutions. Second, he claims that requiring a person charged with a crime to attend multiple pretrial conferences is unduly burdensome, expensive and time-consuming.
The only authority cited by the defendant for his theory that mandated pretrial conferences are unconstitutional is Article I, Section 19 of the state constitution. That section merely provides that "[t]he right of trial by jury shall remain inviolate." Mandatory pretrial conferences, however, are not forced substitutes for trials by jury. Connecticut Practice Book 704 and 706 make clear that the purpose of such a conference is to seek an agreement between the prosecutor, the defense counsel, and the client. If such agreement cannot be reached, "the case shall be assigned for a trial." Id. The defendant's constitutional argument is without merit.
With respect to the defendant's argument that multiple court appearances for pretrial conferences are unduly burdensome, the court would simply note that the ultimate purpose of such conferences is to seek resolution of cases without incurring the far greater burden that full, start-to-finish jury trials entail. Furthermore, as Judge Norko testified, pretrial conferences are successful in this endeavor in the overwhelming percentage of cases. Indeed, even in this case, when a conference was finally held, an agreement was reached which was favorable to the defendant and saved everyone the expense and risks of a trial. The court finds the defendant's "hardship" argument to be without merit. CT Page 7834
The Committee alleges that the defendant's disobedience constituted violations of Rules 3.4(c), 3.5(c), 8.4(d), and 1.3 of the Rules of Professional Conduct.
Rule 3.4(c) provides that "A lawyer shall not . . . (c) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." In this case, the defendant's refusal to appear in court was obvious disobedience. His assertion that no obligation existed was without the slightest legal foundation, and the court holds that it does not excuse the disobedience. The court finds the defendant violated Rule 3.4(c).
Rule 3.5(c) provides that "A lawyer shall not . . . (c) Engage in conduct intended to disrupt a tribunal." There was no evidence that the defendant's refusal to appear in court was intended to disrupt or impede the court. The defendant testified that he merely wanted to leap-frog the usual process. The court finds that the Committee's allegation of a violation of this Rule was not proven.
Rule 8.4(d) provides that "It is professional misconduct for a lawyer to . . . (d) Engage in conduct that is prejudicial to the administration of justice." The defendant's repeated refusals to obey legitimate orders of the court, which were based on codified rules of practice, were clearly "prejudicial to the administration of justice." If attorneys were free to obey or not obey such orders, as their own notions might dictate, there would be no administration of justice, but only chaos. The court finds the defendant violated Rule 8.4(d).
Rule 1.3 provides "A lawyer shall act with reasonable diligence and promptness in representing a client." Although the defendant did not obey the court's orders, there was no other evidence that he failed to represent Ramos diligently. Furthermore, Ramos indicated throughout the proceedings that he desired the defendant to continue to represent him. The court finds that the Committee did not prove a violation of this Rule.
When the court finds an attorney guilty of misconduct, it "shall render a judgment . . . imposing discipline as follows: reprimand, suspension for a period time, disbarment or such other discipline as the court deems appropriate." Practice Book 31. Discipline in such proceedings may be for the purpose of punishment, as where the court imposes a fine, In the Matter of Presnick, 19 Conn. App. 340
CT Page 7835 (1989); or it may be for the purpose of protecting the court against future misconduct, as where the court suspends or disbars the attorney, Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 238 (1989).
In the present case, during his closing statement to the court, the defendant, who appeared pro se, apologized profusely and with evident sincerity to the court and, in particular, to Judge Norko. Furthermore, and most importantly, he stated that he would never disobey such court orders in the future. This court is willing to take the defendant at his word with regard to his regrets for past conduct. Furthermore, the court notes that Judge Norko has already fined the defendant for the same misconduct which is the basis of this presentment. These fines were unquestionably legitimate and appropriate exercises of the court's power. In the Matter of Presnick, supra. Since they have not been paid, however, they must be a factor in the discipline imposed by the court in this proceeding.
Another critically important factor in the court's decision on the discipline to impose in this case is the defendant's promise to the court on the record to comply with all orders of the court in the future and in accordance with the Rules of Professional Conduct. Based on that promise, the court has determined that suspension or disbarment at this time is not necessary to protect the court against future misconduct. This means, of course, that in the future the defendant as an attorney must exercise the self-control necessary to cause him to comply with the rules and orders of the court even in situations where he might personally be in disagreement. This applies particularly to the fines ordered by Judge Norko.
It is the judgment of the court that the defendant be disciplined as follows:
1. He is reprimanded.
2. He is ordered to pay the fines imposed by Judge Norko on or before September 4, 1992. If the defendant fails to pay the fines by that date, he is suspended from the practice of law for a period of one year, commencing September 5, 1992.
Maloney, J. CT Page 7836