[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 15, 2000, the defendant, an attorney, was convicted by a jury of one count of manslaughter in the first degree, a class B felony, one count of manslaughter in the second degree with a motor vehicle while intoxicated, a class C felony, and one count of operating a motor vehicle while intoxicated, all resulting from a fatal automobile collision which the defendant caused while he was driving drunk. On August II, 2000, this Court sentenced the defendant to a period of incarceration.[1]
Additionally, pursuant to Connecticut Practice Book § 2-40(b), this Court then entered an order immediately suspending the defendant from the practice of law pending final disposition of a disciplinary proceeding predicated upon the felony convictions. The defendant is appealing his conviction.
On September 8, 2000, the defendant moved to vacate the Court's order of temporary suspension of his law license. Before the defendant's motion could be heard, on September 13, 2000, the Statewide Grievance Committee filed its Presentment of Attorney for Conviction of a Felony, pursuant to Practice Book § 2-40. On October 3, 2000, this Court heard both motions and the parties presented arguments and testimony on the issues of whether to defer the hearing on the final presentment until the defendant's appeal of his criminal conviction is concluded and whether the Court's order of interim suspension should be vacated. For the following reasons, the motion to defer the hearing on the final presentment is granted and the motion to vacate the interim suspension is denied. However, the interim suspension shall be modified in accordance with this decision.
 DISCUSSION Final Discipline Pursuant To Practice Book § 2-40 (a) and (c)
The defendant contends that Section 51-91a (a) of the Connecticut General Statues prohibits the Court from suspending the law licence of an attorney convicted of a felony, until all appeals of the conviction have been exhausted, unless the attorney requests a hearing before then. The CT Page 14281 Court agrees with the defendant, but only with respect to the final presentment brought by the Statewide Grievance Committee pursuant to Practice Book §§ 2-40(a) and (c).
General Statutes § 51-91a (a) provides that:
 "After sentencing an attorney who has been convicted of a felony, the Court shall hold a hearing on the issue of the eligibility of such attorney to continue the practice of law in this state. Such hearing shall be held within thirty days of sentencing or when all appeals from the conviction are concluded, whichever is later, except that the attorney may request that the hearing not be delayed until all appeals are concluded."
The statute clearly confers upon the defendant the substantive right to elect whether the hearing on the final presentment will be heard before or after his appeals are exhausted. It provides that the final hearing regarding the eligibility of an attorney convicted of a felony to continue practicing law in this State shall be heard only upon the request of the attorney while the appeal of the conviction is pending.
In the present case, counsel for the defendant represented at the October 3, 2000 hearing that his only intent in filing the motion to vacate the Court's order of temporary suspension of his law license was to have the interim suspension set aside for good cause pursuant to 2-40
(b). The defendant asserted that it was not his intention to have the final presentment heard before his appeals were exhausted. Accordingly, because the defendant has not requested a hearing on the final presentment before all appeals are concluded, the hearing on the Statewide Grievance Committee's Presentment of Attorney for a Felony pursuant to Practice Book § 2-40 shall be deferred until after the defendant's appeals are exhausted, in accordance with General Statutes § 51-91a
(a).
 The Interim Suspension
The defendant also contends that this Court was without authority to temporarily suspend his law license pursuant to Practice Book Section2-40(b). Firstly, the defendant claims that the Court cannot impose an interim suspension of the defendant's law licence because the order was predicated on the defendant's judgment of conviction and that judgment is stayed by Practice Book § 61-13. The defendant seems to imply, because he does not explicitly state, that the filing of a notice of appeal somehow eliminates his felony convictions in the trial court. The CT Page 14282 defendant's reliance on Practice Book § 61-13 is misplaced.
Practice Book § 61-13, provides in pertinent part that:
 Except as otherwise provided in this rule, a judgment in a criminal case shall be stayed from the time of the judgment until the time to take an appeal has expired, and then, if an appeal is filed, until ten days after its final determination. The stay provisions apply to an appeal from a judgment, to an appeal from a judgment on a petition for a new trial and to a writ of error, where those matters arise from a criminal conviction or sentence.
This rule of appellate procedure pertains to a stay of execution of the sentence in a criminal case. It does not change the defendant's status as a convicted felon. Regardless of the filing of a notice of appeal with the Appellate Court, the defendant remains a convicted felon, unless his conviction is overturned by a higher Court. Therefore, Practice Book § 2-40(b) does not preclude this Court from suspending the defendant's law license while his appeal is pending.
Additionally, according to the defendant, General Statutes § 51-91a
is the only authority for the suspension of the law license of an attorney convicted of a felony and the statute does not empower the Court to enter a temporary order of suspension. The defendant argues, further, that to the extent that the Practice book conflicts with General Statute § 51-91a, it violates the separation of powers provision of the Connecticut Constitution.[2] The defendant's position is also without merit.
Practice Book § 2-40(b) clearly grants the Court the power to enter an order of temporary suspension by providing that:
 "The provisions of subsection (c) of this section notwithstanding, after sentencing an attorney who has been convicted of a felony, the judge who presided at the trial may in his or her discretion enter an order immediately suspending the attorney pending final disposition of a disciplinary proceeding predicated upon the conviction. Thereafter, upon good cause shown, the judge before whom the presentment is pending may, in the interest of justice, set aside or modify the interim suspension."
This provision of the Practice Book is separate and distinct from General CT Page 14283 Statutes § 51-91a. As previously discussed herein, General Statute § 51-91a concerns final presentment and corresponds to Practice Book Section 2-40(c)[3], which also pertains to the final presentment hearing. However, by including the phrase, "[t]he provisions ofsubsection (c) of this section notwithstanding . . . (emphasis added)," Section 2-40 (b) distinguishes itself from both the statute and the other sections of Section 2-40 which relate to final presentment. By providing a means for the sentencing court to discipline an attorney convicted of a felony on an interim basis pending final discipline, section 2-40 (b) does not conflict with the statute because it does not affect the defendant's right to wait until the appellate process is completed before the hearing on the final presentment is heard.
That General Statute § 51-91a is silent on the issue of interim suspension of an attorney's law license does not mean that the Superior Court cannot adopt such a rule. Indeed, "[i]t is well established that the judicial branch has the inherent power to investigate the conduct of an officer of the Court." Massameno v. Statewide Grievance Committee,234 Conn. 539, 553, 663 A.2d 317 (1995). "The Superior Court possesses inherent authority to regulate attorney conduct and to discipline the members of the bar." Id.; Heslin v. Connecticut Law Clinic, 190 Conn. 510,523, 461 A.2d 938 (1983). "It is their unique position as officers and commissioners of the Court which casts attorneys in a special relationship with the judiciary and subjects them to its discipline."Heslin v. Connecticut Law Clinic, supra, 524; see, Statewide GrievanceCommittee v; Rozbicki, 211 Conn. 232, 238, 558 A.2d 986 (1989); Massamenov. Statewide Grievance Committee, supra, 554. "The courts . . . can and ought to be [held responsible] for the fitness of those who enjoy the privileges of the legal profession under their authority and sanction." InRe Peck, 88 Conn. 447, 451, 91 A. 274 (1914). By adopting Practice Book § 2-40(b), the judges of the Superior Court have exercised their inherent authority to discipline attorneys who have been convicted of a felony pending the resolution of the final discipline, even while an appeal is pending.
Moreover, it has been repeatedly affirmed that "[a]n attorney at law admitted to practice, and in the exercise of the right. thus conferred to act as an officer of the Court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it. . . ."In Re Peck, supra, 450; Statewide Grievance Committee v. Alan Spirer,247 Conn. 762, 772, 725 A.2d 948 (1999). "[I]f a Court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and CT Page 14284 the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession. . . ." Id.; Massameno v. Statewide Grievance Committee, supra, 555; StatewideGrievance Committee v. Botwick, 226 Conn. 299, 307, 627 A.2d 901 (1993). "[O]f paramount importance in attorney disciplinary matters is the protection of the Court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." (Internal quotation marks omitted.) StatewideGrievance Committee v. Shluger, 230 Conn. 668, 681,646 A.2d 781 (1994).[4]
 The Modification of The Interim Suspension
Practice Book § 2-40(b) provides that "upon good cause shown, the judge before whom the presentment is pending may, in the interest of justice, set aside or modify the interim suspension." Practice Book § 2-40(b). Although the Court is not of the opinion that the interim suspension of an attorney convicted of two felonies should be vacated pending appeal, the Court does find that good cause exists to modify the interim suspension in this case.
Undisputably, the conduct which led to the defendant's felony conviction of two very serious felonies was horrendous. Causing the death of an innocent person because the defendant chose to drive drunk is inexcusable and, if his conviction is affirmed by the Appellate Court, he will be punished appropriately. However, the crimes of which he was convicted were not related to the practice of law. His convictions resulted from personal conduct rather than his professional conduct as a lawyer. As noted earlier, the purpose of attorney discipline is not to mete out more punishment to the lawyer, but to safeguard the administration of justice and to protect the courts and the public from unfit lawyers. In this case, the Court is of the opinion that these concerns can be addressed by allowing the defendant to practice law during the appellate process, with conditions attached to the privilege.
Before the automobile collision which is the basis of his felony convictions, the defendant had a stellar legal career. In his twenty-three years of practice, he has never been disciplined in any fashion. He has no prior criminal convictions. As evidenced by the numerous letters from attorneys, family members, friends, and clients, the defendant had a reputation of being highly competent, of the highest integrity, and ethical in his dealings with members of the legal community and the public. Indeed, several of his clients testified at the October 3, 2000 hearing that despite being aware of the facts concerning the defendant's conviction, they maintained their high opinion of his legal competence and ethical behavior and would continue to have the CT Page 14285 defendant represent them in their legal affairs.
In light of the foregoing, therefore, the Court finds that the defendant is not a threat to his clients. Accordingly, the defendant may practice law, provided that he discloses to all clients that he has been convicted of two felonies and he receives from them a written acknowledgment of his felony convictions and a written waiver of any conflict of interest resulting from his representation of them.
The Court is concerned, however, with the effect on the administration of justice by an attorney convicted of two felonies practicing before the courts of this state. See, Phillips v. Warden, supra, 220 Conn. 118. Therefore, the defendant is prohibited from filing any appearance in any Connecticut state court while his appeal is pending. See, In The Matterof Presnick, 19 Conn. App. 340, 352, 563 A.2d 299, cert. denied,213 Conn. 801, 567 A.2d 833 (1989) (prohibiting attorney from filing any papers or making an appearance in that Court for six months); DanburyJudicial District Grievance Panel v. Recio, Superior Court, judicial district of Danbury, Docket No. 322621 (January 24, 1996) (Stodolink, J.) (suspending attorney on an interim basis but allowing him to represent present clients with presently pending matters, and allowing him to continue serving as house counsel to a corporation provided the corporation acknowledges its awareness of the suspension in writing.) This modified interim suspension of the defendant from the practice of law will remain in effect until the disposition of the final disciplinary proceeding.
 CONCLUSION
Based upon the foregoing, the defendant's motion to defer the hearing on the final presentment until all appeals from the conviction are concluded is granted. The motion to vacate the interim suspension is denied. However, the interim suspension is modified to allow the defendant to practice law provided that he obtains a written acknowledgment of his felony convictions from all clients and a written waiver of any conflict of interest on his part resulting from the representation. Additionally, the defendant is prohibited from filing an appearance in any Connecticut state court until the resolution of the final presentment. To the extent that the defendant can represent clients without appearing in Court, he may do so.
Dated at New Britain, Connecticut this 21st day November, 2000.
BY THE COURT,
Espinosa, J. CT Page 14286