**In the Matter of Steven J. RIGGS, Respondent.**

No. D–01–0002.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 11, 2001.

Decided Feb. 16, 2001.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

During the last year attorney Steven J. Riggs has failed to keep commitments to both his clients and this court. Multiple failures on his part early in 2000 led us to relieve Riggs of three appointments under the Criminal Justice Act and fine him $250 apiece in two of these cases. Later the eighth circuit took sterner action, barring Riggs from filing any further papers or entering his appearance in any future litigation—disbarment in effect but not in name—after he failed to file an appellate brief and ignored an order to show cause in a single case. *In re Riggs,* No. 00–9020 (8th Cir. Nov. 20, 2000). Neither our action last April nor the eighth circuit's action last November induced Riggs to prosecute four additional criminal appeals. A capsule summary follows.

• *United States v. Hernandez,* No. 00–1774. Appellant's brief was due on May 10, 2000, and neither the brief nor a request for an extension was filed. We issued three orders to show cause (on May 24, July 13, and September 11) before receiving a response from Riggs. That response led us to extend until October 17 the time for filing a brief; the order also stated that no further extensions would be granted. A document purporting to be a brief (but missing too many components to deserve that title, see *United States v. Sosa,* 55 F.3d 278 (7th Cir.1995)) was received on October 22 and returned the next day with a letter explaining its many deficiencies and requiring their prompt correction. Nothing further has happened in the ensuing months.

• *United States v. Johnson,* No. 00–3058. Riggs represents one of 12 defendants who have filed appeals in this complex case. Johnson's brief was due on October 4. Neither the brief nor a request for an extension was received. On October 31 we issued an order to show cause, and in light of Riggs' response we extended the brief's due date to November 27. That date passed without a brief or a request for a further extension. A new order to show cause was issued and ignored.

• *United States v. Ringer,* No. 00–3444. After filing the appeal in mid-September Riggs did not pay the docket fee or file a motion for his client to proceed *in forma pauperis.* He neglected to file a docketing statement under Circuit Rule 3(c). An order to show cause issued on October 13 was ignored, as was a second order issued on November 21. A separate order, issued on September 22, requiring Riggs to take the steps required to obtain a transcript, see Fed. R.App. P. 10(b), likewise has been ineffectual.

• *United States v. Lemmons,* No. 00–3809. Events here duplicate those in

*Ringer:* no payment or motion for leave to proceed *in forma pauperis,* no steps toward ordering a transcript, no docketing statement, and no response to two orders to show cause.

Although Riggs has ignored most orders affecting his clients' rights, he responded with alacrity to an order issued on December 28 affecting his own interests: an order to show cause why he should not be disbarred. See Fed. R.App. P. 46(c). The response, dated January 9, 2001, does not unconditionally request a hearing but does volunteer to appear in response to questions. Reading the response does not leave us with unanswered questions; we proceed to decision.

Riggs concedes the incontestable—his utter neglect of his professional duties and his clients' interests—but argues that "unique and extraordinary circumstances which have befallen counsel in the last two (2) months" underlie his problems. According to Riggs, three sets of events lately prevented him from attending to appellate cases. First, he was hard at work on a petition for collateral relief in a capital case. Before filing this petition at the end of September 2000, Riggs asserts, he devoted a great deal of time to learning the law of federal collateral proceedings and the special rules for capital cases. Second, a client's check bounced in October, leaving him in straitened financial circumstances just when he was getting married. Third, Riggs tells us that sometime in mid-November he "inadvertently left several of his computer disks underneath the seat after he fell asleep during [a] flight.... [C]ounsel's computer disks—with both the *Ignacio Hernandez* and *Terone Johnson* appellate briefs—were lost. In total, counsel lost most of his written legal work from the last 4–5 years, including two of the appellate briefs underlying the [order to show cause] in this matter."

We shall assume for the sake of argument that Riggs has encountered substantial financial and other problems. Still, when personal troubles become intense, counsel must seek aid from others who can protect their clients' interests. What is more, the recent travails that Riggs describes do not explain his long history of ignoring deadlines and judicial orders. Consider *Hernandez:* the brief was due on May 10, 2000, but was not filed, nor did Riggs seek an extension. Our orders to show cause in May and July were disregarded. And Riggs' deficiencies predate *Hernandez,* making it hard to see how "unique and extraordinary circumstances" toward the close of 2000 can be their cause. For example, in *United States v. Bacani,* No. 99–3601, the notice of appeal was docketed early in October 1999. Riggs did not file a docketing statement until ordered to do so. He never did file a brief (or an application for an extension of time). By the time we relieved Riggs in April 2000 he had not taken any important step toward prosecution of the appeal. Studying the law of collateral attack, personal problems, and losing work on an airplane do not explain (let alone justify) failing to seek extensions of time and disdaining judicial orders.

At least one of Riggs' proffered explanations, moreover, is unbelievable. "I lost some computer disks" is the modern equivalent of "the dog ate my homework." Riggs would have us believe that he kept *all* of his legal work on floppy disks (or other removable media), *of which he kept no backups.* If that is really how Riggs conducts his practice, he is extraordinarily foolish and exposes his clients to pointless risks. Yet no one keeps all work on removable media. Every personal computer in use today (and since the late 1980s) is equipped with an internal hard disk on which people store their working files. Removable disks are used for backups, archiving files, or transferring them to another computer, but never for sole copies of work in progress. Moreover, the document Riggs filed on Hernandez's behalf in October could have been used as the basis of a proper appellate brief even if all electronic versions later were lost. Riggs' ex-

planation thus does not hang together. But, for reasons we have explained, even if all of Riggs' representations were true, they would not explain his conduct for the year preceding September 2000. For that long stretch of neglect and disregard of judicial orders, Riggs offers no explanation at all.

As part of his response to the order to show cause, Riggs offered to file a corrected brief in *Hernandez* within 72 hours and a brief in *Johnson* within 14 days. We waited to see whether Riggs would fulfil those commitments, for catching up would be a sign that he has put his troubles behind him. Cf. *In re Gubbins*, 890 F.2d 30 (7th Cir.1989). Alas, however, we waited in vain. A month has gone by, but Riggs has not corrected his brief in *Hernandez*, has not filed a brief in *Johnson*, and has not lifted a finger to get the appeals in *Ringer* and *Lemmons* under way. We are *still* waiting for the docket fee (or motion for leave to proceed *in forma pauperis*), the docketing statement, and the transcript order in each case. Even for a lawyer with financial problems and an empty computer disk, these steps are not hard to take.

■ This extended pattern of neglect demonstrates that Riggs is a danger to both his clients and the court. Abandonment of one's (imprisoned) client in a criminal case is one of the most serious offenses a lawyer can commit, and Riggs has left in the lurch at least seven clients in this court (and one more in the eighth circuit) during the last year and a half. We have imposed serious sanctions for dereliction in a single case. See, e.g., *United States v. Myong Hwa Song*, 902 F.2d 609 (7th Cir.1990); *In re Mix*, 901 F.2d 1431 (7th Cir.1990); *United States v. Ford*, 806 F.2d 769 (7th Cir.1986); *United States v. Gerrity*, 804 F.2d 1330 (7th Cir. 1986). For a record as dismal as Riggs' something more is required.

Riggs is not fit to practice law, and we disbar him. We will notify the Supreme Court of the United States, the Supreme Court of California, and the Supreme Court of Indiana of this action. Riggs must notify all other bars to which he belongs. He must promptly return to Hernandez, Johnson, Lemmons, and Ringer any fees received from them for appellate work, and he must notify them of his disbarment and their urgent need to obtain replacement counsel. We will send copies of this opinion directly to these appellants so that they may make their own arrangements (including, if necessary, applications for counsel at public expense) to protect themselves from any further defaults on Riggs' part. Because the delay in Johnson's appeal is holding up proceedings involving his co-defendants, we will immediately (though provisionally) appoint new counsel for Johnson under the Criminal Justice Act; that lawyer should help Johnson complete the process of qualifying (if indeed he is eligible for counsel at public expense) or retaining a new appellate lawyer (if Johnson is solvent).