# In the
# United States Court of Appeals
## For the Seventh Circuit

No. D-12-0002

IN THE MATTER OF:

BRIDGET BOYLE-SAXTON,

*Respondent.*

Disciplinary Matter

DECIDED FEBRUARY 2, 2012

Before EASTERBROOK, *Chief Judge*, and CUDAHY and MANION, *Circuit Judges*.

PER CURIAM. The court issued an order directing attorney Bridget Boyle-Saxton to show cause why she should not be subject to discipline, up to and including disbarment, for the abandonment of her client in a criminal case (*United States v. Rodriguez*, No. 11-1590). She did not respond to this order.

Before the court issued that order to show cause, it had issued four others because counsel failed to comply with her obligations to her client and the court. Three of these orders (including the latest) were ignored. Two prompted incomplete responses.

This criminal appeal was docketed on March 14, 2011. Under Fed. R. App. P. 31(a)(1), an opening brief is due 40 days after the record is filed. Counsel did not take the steps required to ensure that the transcript was prepared and the record filed. Indeed, she did not do *anything* in the appeal, omitting even the very first step: paying the filing and docketing fees. (She is retained counsel; her client has not sought leave to proceed *in forma pauperis*.)

On June 21, 2011, we directed counsel to show cause by June 28 why the appeal should not be dismissed because of her inaction. She did not reply to this order. On June 30 we issued another, directing a response by July 6. Meanwhile, on June 29, we issued an order directing Boyle-Saxton and another attorney, representing another defendant, to file opening briefs no later than August 1.

July 6 passed without a response from Boyle-Saxton. On July 25 she finally addressed the court's two outstanding orders. She said that she had done nothing because she believed that her client did not want to appeal, and that she planned to dismiss the appeal. She did not pay the filing fees in order to protect her client's rights should this understanding be mistaken. Nor did she seek additional time to file an opening brief.

On August 2 we suspended the two extant orders to show cause and directed counsel to file, no later than August 31, either the papers necessary to dismiss the appeal if Rodriguez truly did not want to proceed, see Circuit Rule 31, or an opening brief.

August 31 passed without action. Counsel did not move to dismiss the appeal. She did not pay the required fees. She did not file a brief. She did not seek additional time to file a brief. The lawyer for Rodriguez's co-defendant sought and was granted several extensions of time because the court reporter had been slow in preparing the transcript (which he had ordered). But Boyle-Saxton did nothing.

On October 31, 2011, we issued the third order to show cause, this time directing counsel to explain by November 8 why she had not responded to the order of August 2, had not paid the appellate fees, and had not filed a brief (or even a motion for an extension of time). On November 3 she asked for more time to file a brief, representing that an additional five to seven days would suffice. Chief Judge Easterbrook entered an order extending the time to November 10. This order added: "Attorney Boyle-Saxton is reminded to respond to the court's order dated October 31, 2011, by November 8, 2011."

November 8 came and went without a response to the outstanding order to show cause. November 10 came and went without a brief for Rodriguez. (The co-defendant's brief had been filed on November 4.) On November 22 the court entered a fourth order to show cause, this time directing Boyle-Saxton to show cause why disciplinary action should not be taken on account of her continuing failure to comply with this court's orders.

Boyle-Saxton's latest filing, dated November 29 (and filed on November 30), did not meet her obligations. It

did not explain why she let so many deadlines pass without action. It did not address the disciplinary issues the court raised. Instead counsel asked for a further five days to file a brief, representing that she "will have the brief filed by December 2, 2011." She stated that she had surgery in early November, that she mistakenly thought she had earlier asked for (and been granted) four weeks instead of one (though there is absolutely no ambiguity in her motion of November 3, or the order the Chief Judge entered the next day), and that she has been busy representing her clients at trials in state court. She stated that one trial lasted from November 14 through 17, and that another was held on November 21.

It is apparent from this final motion for additional time that Boyle-Saxton elected to put work for other clients ahead of her obligations to Rodriguez and this court. That is unprofessional; lawyers have an ethical obligation to take no more work than they can perform. Moreover, counsel has never even *offered* an explanation for ignoring orders this court has entered, directing her to respond by specified dates. Nor has she explained why she had not completed the brief long ago, before the surgery and the two trials in which she participated in November 2011.

Concluding that this conduct is intolerable, the Chief Judge directed Boyle-Saxton to show cause by December 21, 2011, why she should not be fined, censured, suspended, or disbarred (or any combination of these sanctions) for defying this court's orders and apparently abandoning her client. See Fed. R. App. P. 46(b), (c).

The Chief Judge also extended the time to file a brief, observing: "Notwithstanding my reservations about Boyle's conduct (really, her non-conduct) to date, I grant the motion for an extension of time, until December 2, to file the opening brief. This is a criminal appeal, and an order dismissing the appeal for lack of prosecution—the only practical alternative to giving Boyle additional time (since Rodriguez is not proceeding *in forma pauperis*, I cannot dismiss Boyle and appoint another lawyer for him)—would simply lead to a collateral attack demanding relief based on ineffective assistance of counsel. The court would have no alternative but to grant that relief. But I am unwilling to allow Boyle's unprofessional conduct to delay the co-defendant's appeal. If Boyle files a brief by December 2, the appeals will remain consolidated. But if a brief is not filed by the close of business on December 2, Rodriguez's appeal will be dismissed, for want of prosecution, without further opportunity to show cause, and the co-defendant's appeal will proceed. Boyle must understand that, if the court finds it necessary to dismiss Rodriguez's appeal and then to reopen his judgment because of ineffective assistance, that will be a further reason for professional discipline."

Boyle-Saxton did not file a brief by December 2; indeed, this court has not heard from her at all since the Chief Judge's order. Rodriguez's appeal has been dismissed for want of prosecution. The obvious ineffective assistance of counsel will force Rodriguez to obtain an order from the district court vacating and reinstating his conviction, so that he can have the benefit of an appeal.

Because Boyle-Saxton has not responded to the Chief Judge's order, and thus has not asked for an evidentiary hearing, the disciplinary matter is ready for decision.

She is unfit to practice law in this court. Abandonment of a client in a criminal case is reprehensible. Ignoring orders entered by a court is inexcusable. We have disbarred lawyers in similar circumstances. See, e.g., *In re Riggs*, 240 F.3d 668 (7th Cir. 2001). That is the appropriate step here too. Boyle-Saxton is disbarred. She is further ordered to refund to Rodriguez all fees she may have been paid for handling this appeal, and to provide the court within 21 days evidence that this has been done. Failure to do so will be treated as contempt of court.

The court will send copies of this opinion to the Office of Lawyer Regulation of the Wisconsin Supreme Court, and to the clerks of each district court within the circuit. Boyle-Saxton must send a copy to any other jurisdiction in which she may be licensed to practice law.