IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bridget E. BOYLE, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Bridget E. BOYLE, Respondent-Appellant.

Supreme Court

*No. 2010AP2566–D. Submitted on briefs February 17, 2012.
—Decided May 23, 2012.*

2012 WI 54

(Also reported in 813 N.W.2d 215.)

For the respondent-appellant there were briefs by *Jonathan C. Smith* and *Kohn & Smith Law Offices,* Milwaukee.

For the complainant-respondent there were briefs by *Robert G. Krohn* and *Roethe Pope Roethe LLP,* Edgerton.

¶ 1. PER CURIAM. Attorney Bridget E. Boyle appeals the report of Christine Harris Taylor, referee, recommending discipline of a 60–day license suspension, the imposition of costs, and restitution to the Wisconsin Lawyers' Fund for Client Protection (the Fund) in the amount of $5,000 plus legal interest. The referee found that Attorney Boyle committed all 11

charged counts of misconduct, which included failing to act with reasonable diligence and promptness in representing a client; failing to communicate appropriately with a client; failing to promptly respond to a client's request for information concerning fees and expenses; failing to take steps to the extent reasonably practicable to protect a client's interest; failing to cooperate with an OLR investigation into her conduct; willfully failing to provide relevant information, fully answer questions, or furnish documents in the course of an OLR investigation; and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The only issue on appeal is whether the recommended discipline is appropriate.

¶ 2.   We adopt the referee's findings of fact and conclusions of law. We conclude that the referee's reasoning with respect to discipline is persuasive. Accordingly, this court concludes that a 60–day suspension of Attorney Boyle's license to practice law in Wisconsin is an appropriate sanction for her violations. We further agree with the referee that Attorney Boyle shall bear the costs of this disciplinary proceeding, and shall reimburse the Fund in the amount of $5,000 plus legal interest.

¶ 3.   Attorney Boyle was licensed to practice law in Wisconsin in 1995 and practices in Milwaukee. In 2008 Attorney Boyle was privately reprimanded for failing to act with reasonable diligence and promptness in representing a client; failing to keep the client reasonably informed about the status of a matter; failing to promptly comply with reasonable requests for information; and failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

¶ 4. The 11 counts in this disciplinary proceeding concern Attorney Boyle's work for three clients and her cooperation with the OLR investigations into her work.[1]

¶ 5. Counts 1 through 3 arise out of Attorney Boyle's representation of an individual who sought collateral post-conviction review of a criminal conviction. Attorney Boyle's law firm collected a $5,000 advance fee in May 2002. During the course of the next several years, Attorney Boyle failed to file any pleadings on the client's behalf. She failed to return many of the client's phone calls and other requests for information, and failed to follow through on repeated promises to keep the client advised on the status of his case. Attorney Boyle also failed to comply with the client's demand for the return of his advance fee and his file. The OLR complaint alleges that by virtue of this conduct, Attorney Boyle failed to act with reasonable diligence and promptness in representing this client in violation of SCR 20:1.3;[2] failed to communicate appropriately with this client in violation of former SCR 20:1.4(a)[3] and current SCR 20:1.4(a)(3) and (4);[4] and

---

[1] This court recognizes that the Seventh Circuit Court of Appeals recently disbarred Attorney Boyle from further practice in that court for the abandonment of her client in a criminal case. *In re Bridget Boyle-Saxton,* 668 F.3d 471 (7th Cir. 2012). The facts involved in that matter are not before this court.

[2] SCR 20:1.3 provides that, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.4(a) applies to misconduct committed prior to July 1, 2007. It provided as follows: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCRs 20:1.4(a)(3) and (4) provide that a lawyer shall: "(3) keep the client reasonably informed about the status of the

failed to promptly respond to the client's request for information concerning fees and expenses in violation of SCR 20:1.5(b)(3).[5] The OLR also has informed the court that this client applied for and received reimbursement from the Fund in the amount of the $5,000 advance fee that he paid to Attorney Boyle's firm.

¶ 6. Count 6 concerned Attorney Boyle's failure to return a different client's file after Attorney Boyle unsuccessfully represented the client on a direct appeal of his criminal conviction. In November 2007 the client wrote to Attorney Boyle to request a complete copy of his file, including the trial transcripts. Attorney Boyle never forwarded the client the complete file. The OLR complaint alleges that by virtue of this conduct, Attorney Boyle failed to take steps to the extent reasonably practicable to protect the client's interest in violation of SCR 20:1.16(d).[6]

¶ 7. The remaining seven counts concerned Attorney Boyle's level of cooperation and honesty during the OLR's investigation in 2009 into the two client grievances described above, as well as a third client griev-

matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

[5] SCR 20:1.5(b)(3) provides, "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[6] SCR 20:1.16(d) provides as follows:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

ance that did not result in charges of misconduct. During the OLR investigations, Attorney Boyle failed to provide timely and complete responses to the client grievances and to the OLR's queries for information. Attorney Boyle also dated letters to the OLR on or before the deadlines imposed by the OLR to give the false appearance that she had complied with the established deadlines, when in fact she had not. The OLR complaint alleges two counts of failing to cooperate with an OLR investigation and failing to fully and fairly disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2),[7] enforced via SCR 20:8.4(h);[8] three counts of willfully failing to provide relevant information, to answer questions fully, or to furnish documents to the OLR, in violation of SCR 22.03(6),[9] enforced via SCR 20:8.4(h);

[7] SCR 22.03(2) states:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[8] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[9] SCR 22.03(6) provides as follows:   "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclo-

and two counts of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c).[10]

¶ 8. Following a hearing on the complaint, the referee determined that the OLR had proven misconduct in all 11 counts charged.

¶ 9. In support of her recommendation for a 60–day suspension, the referee noted that, in both this disciplinary matter and Attorney Boyle's earlier private reprimand, Attorney Boyle displayed a pattern of failing to act with reasonable diligence and promptness in representing her clients and failing to communicate appropriately with her clients. The referee also noted that in this disciplinary matter, Attorney Boyle consistently refused to cooperate with the OLR and backdated documents to make it appear as though she had timely cooperated with deadlines set by the OLR. The referee also noted that during the hearing, Attorney Boyle expressed very little remorse with respect to her conduct toward her clients and the OLR.

¶ 10. As to the appropriate monetary sanctions, the referee recommended that Attorney Boyle should be assessed the entire costs of the disciplinary proceeding, which total $10,971.70 as of January 27, 2012. The referee further recommended that Attorney Boyle be required to make restitution to the Fund in the amount of $5,000 plus legal interest.

¶ 11. Attorney Boyle appeals. The level of discipline is the only dispute. In particular, Attorney Boyle challenges the appropriateness of the recommended

sure are misconduct, regardless of the merits of the matters asserted in the grievance."

[10] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

60–day suspension and the recommended $5,000 restitution award to the Fund. She urges the court to issue a public reprimand and impose "a restriction on her license concerning post-conviction practice for a period of time not exceeding two years." She objects to paying any restitution to the Fund.

¶ 12. Attorney Boyle does not specifically challenge the referee's findings of fact. Instead, she argues that the recommended discipline does not sufficiently take into account various mitigating factors, which include her allegation that she was not deliberately indifferent toward either the grievants or the OLR, and her allegation that she experienced medical issues during a portion of the time that the OLR was investigating her conduct, and her allegation that any apparent back-dating of her responses to the OLR was the result of typographical errors or postage delays that were beyond her control. She also challenges the referee's recommendation that she pay restitution to the Fund for its reimbursement to her client for the $5,000 advance fee he paid to her firm. In particular, Attorney Boyle claims she is being unfairly punished for her lack of success in that particular client matter, and that her efforts in that case demonstrate that she did not procure the $5,000 by dishonest conduct.

¶ 13. The OLR argues that a 60–day suspension is appropriate. It argues that the record fails to disclose any legitimate mitigating factors. It claims that suspensions are frequently predicated on misconduct like that at issue here; i.e., misconduct that spans multiple clients, incorporates multiple counts of professional wrongdoing, and involves uncooperativeness during an OLR investigation. The OLR also argues that the referee's report contains sufficient factual findings to justify the recommended $5,000 restitution award.

99

¶ 14. This court concludes there is no claim that the referee's findings are clearly erroneous. The findings are supported by the record and are adopted. *See In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. We also agree with the referee that those factual findings demonstrate that Attorney Boyle committed each of the 11 counts of professional misconduct alleged in the complaint.

██ ██

¶ 15. With respect to the discipline to be imposed, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful consideration of the report and recommendation, the record in this matter, and the written statements of the parties, we accept the referee's recommendation regarding suspension, restitution, and costs. The misconduct at issue here was serious, and Attorney Boyle offers no legitimate excuse for her failure to diligently represent her clients and her failure to provide them with information about their cases, fees, and expenses in spite of their numerous requests that she do so. Nor does she offer a legitimate excuse for her failure to fully and honestly cooperate with the OLR's investigation into her conduct. Given the length of time over which the misconduct occurred and the number of instances of misconduct involved, Attorney Boyle's excuses for her behavior ring hollow. The fact that, as the referee noted, Attorney Boyle expresses little remorse for her misconduct suggests that Attorney Boyle may not appreciate the seriousness of her misconduct. A period of suspension is necessary in this case to impress upon Attorney Boyle the seriousness of her professional

misconduct and to protect the public from similar misconduct in the future.

¶ 16.   In light of the circumstances presented, we are persuaded that the referee's reasoning is sound. We conclude that a 60–day license suspension is sufficient to advance the objectives of lawyer discipline.

¶ 17.   We further conclude that full costs are to be imposed on Attorney Boyle. Neither the OLR nor Attorney Boyle disputes the appropriateness of assessing Attorney Boyle with the full costs of this disciplinary proceeding.

██

¶ 18.   We further conclude that Attorney Boyle must make a restitution payment to the Fund in the amount of $5,000 plus legal interest. Although Attorney Boyle challenges whether the Fund should have reimbursed her client for his $5,000 advance fee payment, the Fund's decision to reimburse this client is not appealable. SCR 12.12. In any event, in light of Attorney Boyle's failure to provide any meaningful services to this client, we agree with the referee that Attorney Boyle should be required to pay the Fund restitution in the amount of $5,000 plus legal interest.

¶ 19.   IT IS ORDERED that the license of Bridget E. Boyle to practice law in Wisconsin is suspended for a period of 60 days, effective June 27, 2012.

¶ 20.   IT IS FURTHER ORDERED that Bridget E. Boyle shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 21.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Bridget E. Boyle shall pay the Wisconsin Lawyers' Fund for Client Protection $5,000 restitution plus interest at the legal rate. *See* Wis. Stat. § 138.04.

101

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Bridget E. Boyle shall pay to the Office of Lawyer Regulation the imposed costs of this proceeding. If the imposed costs are not paid within the time specified and Bridget E. Boyle has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of Bridget E. Boyle to practice law in Wisconsin.

¶ 23. IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 24. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*) I agree with the referee and the justices joining the per curiam opinion that Attorney Bridget Boyle committed 11 counts of misconduct involving three clients. She failed to perform services for her clients. She engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. She failed to cooperate with the OLR investigations into her work. I also note, as did the per curiam, that in 2008 Attorney Boyle was privately reprimanded for misconduct in failing her clients. Furthermore, I agree that earlier this year the federal Seventh Circuit Court of Appeals disbarred Attorney Boyle from further practice in that court for her ndonment of her client in a criminal case.

¶ 25. The per curiam imposes a 60–day period of suspension from the practice of law in the present case. Any suspension from the practice of law imposes a serious hardship on an attorney, teaches a lesson that should be remembered, and serves to protect the public. Nevertheless, I disagree with the 60–day suspension imposed in the present case.

102

¶ 26. As a result of the per curiam opinion, Attorney Boyle will be able to resume the practice of law in Wisconsin with the passage of 60 days. She will not have to make any showing that she has taken steps to avoid similar misconduct in the future.

¶ 27. Any discipline imposed on Attorney Boyle should, in my opinion, require her to demonstrate to this court, before she resumes practice, that she has made efforts to remedy the causes of her repeated failures to serve her clients. Attorney Boyle must demonstrate that she is competent to practice law.

¶ 28. For the reasons set forth, I dissent. I conclude that a 60–day period of discipline, with automatic re-admission to the practice of law, is not adequate to protect the public in the present case.

¶ 29. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.