# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2423-D, 2013AP1592-D, 2014AP272-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Bridget E. Boyle, Attorney at Law, <br><br> Office of Lawyer Regulation, <br>       Complainant-Respondent, <br>   v. <br> Bridget E. Boyle, <br>       Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST BOYLE

| | |
|---|---|
| OPINION FILED: | July 18, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | BRADLEY, J., concurs. (Opinion filed.) |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-appellant, there was a brief by *Bridget Boyle*, Milwaukee.

For the complainant-respondent, there was a brief by *Robert G. Krohn* and *Roethe Pope Roethe LLP*, Edgerton.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.    2012AP2423-D
        2013AP1592-D
        2014AP272-D

STATE OF WISCONSIN                 :          IN SUPREME COURT

**Office of Lawyer Regulation,**

  **Complainant,**                               **FILED**

  **v.**                                       **JUL 18, 2014**

**Bridget E. Boyle,**
                                                Diane M. Fremgen
  **Respondent.**                              Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1    PER CURIAM.    Attorney Bridget E. Boyle has filed a petition for the consensual revocation of her license to practice law in Wisconsin pursuant to SCR 22.19.[1]    Attorney

---

[1] SCR 22.19 provides as follows:

Petition for consensual license revocation.

(1)    An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

Boyle's petition states that she cannot successfully defend against seven Office of Lawyer Regulation (OLR) grievance investigations in which the Preliminary Review Committee (PRC) has found cause to proceed as to multiple counts of misconduct, as well as seven additional pending OLR grievance matters that have not yet been fully investigated by the OLR or brought to the PRC for its consideration.  Attorney Boyle's petition further states that she cannot successfully defend against 22

---

(2)  The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3)  If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated.  Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition.  Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4)  If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned.  Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee.  Upon a showing of good cause, the supreme court may extend the time for filing a response.  The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

2

counts of professional misconduct in four grievance matters which are the subject of a pending appeal before this court, In re Disciplinary Proceedings Against Bridget E. Boyle, Case No. 2012AP2423-D. Attorney Boyle's petition further states that she cannot successfully defend against 15 counts of professional misconduct alleged in the OLR's complaint, filed July 18, 2013, in In re Disciplinary Proceedings Against Bridget Boyle, Case No. 2013AP1592-D.

¶2 Attorney Boyle was admitted to the practice of law in Wisconsin in 1995 and, prior to her most recent disciplinary suspension, practiced in Milwaukee. Attorney Boyle has a lengthy disciplinary history, and her license to practice law in this state is currently suspended. Her prior disciplinary matters can be summarized as follows:

¶3 In 2008 Attorney Boyle was privately reprimanded for failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter; failing to promptly comply with reasonable requests for information; and failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Private Reprimand, No. 2008-09.

¶4 In 2012 Attorney Boyle was suspended for 60 days for failing to act with reasonable diligence and promptness in representing a client; failing to communicate appropriately with a client; failing to promptly respond to a client's request for

3

information concerning fees and expenses; failing to take steps to the extent reasonably practicable to protect a client's interest; failing to cooperate with an OLR investigation into her conduct; willfully failing to provide relevant information, fully answer questions, or furnish documents in the course of an OLR investigation; and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. In re Disciplinary Proceedings Against Boyle, 2012 WI 54, 341 Wis. 2d 92, 813 N.W.2d 215.

¶5 In 2012 the Seventh Circuit Court of Appeals disbarred Attorney Boyle from further practice in that court for her abandonment of her client in a criminal case. In re Bridget Boyle-Saxton, 668 F.3d 471 (7th Cir. 2012).

¶6 In 2013 Attorney Boyle was suspended for six months for failing to keep her client reasonably informed about the status of a matter; failing to promptly comply with her client's reasonable requests for information; failing to communicate the basis for her fee; failing to promptly respond to a client's request for information concerning fees and expenses; failing to return a client's file upon termination of representation; failing to act with reasonable diligence and promptness in representing a client; charging an unreasonable fee; failing to hold unearned fees and advanced payments of fees in trust until earned; and failing to refund unearned fees. In re Disciplinary Proceedings Against Boyle, 2013 WI 103, 351 Wis. 2d 713, 840

4

N.W.2d 694.   This six-month suspension went into effect on January 30, 2014, and her license remains suspended.

¶7   Attached to Attorney Boyle's petition for revocation are the following three documents:   (1) the OLR's summary of misconduct allegations in 14 pending investigative matters that have not been publicly charged; (2) the referee's report in Case No. 2012AP2423-D in which the referee determined that Attorney Boyle engaged in 22 counts of misconduct in four grievance matters and recommended an 18-month suspension of Attorney Boyle's law license; and (3) the complaint in Case No. 2013AP1592-D, filed July 18, 2013, in which the OLR alleged that Attorney Boyle engaged in 15 counts of misconduct in five grievance matters and asked for a one-year license suspension.

¶8   It is not necessary to describe the particular factual allegations of each representation.   A synopsis of the information contained in the attachments to Attorney Boyle's petition for revocation will provide a sufficient description of the nature and scope of her professional misconduct.

¶9   The OLR's summary of misconduct allegations in the 14 pending investigative matters that have not been publicly charged synopsizes alleged violations or potential violations of the following rules:   SCR 1.1 (failing to provide competent representation); SCR 20:1.2(a) (failing to abide by the client's decisions concerning the objectives of representation); SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(2) (failing

5

to reasonably consult with a client about the means by which the client's objectives are to be accomplished); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.4(b) (failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation); SCR 20:1.5(a) (charging an unreasonable fee); SCR 20:1.5(b)(1) (failing to adequately explain the basis on which lawyer's fee would be calculated); SCR 20:1.5(b)(3) (failing to promptly respond to a client's request for information concerning fees and expenses); SCR 20:1.9 (operating under a conflict of interest with a former client); SCR 20:1.15(b)(4) (failing to deposit advanced payments of fees and costs into trust account); SCR 20:1.15(b)(4m) (depositing unearned advanced fees payment in business account rather than in trust account without complying with the notice, accounting, and arbitration requirements of SCR 20:1.15(b)(4m)); SCR 20:1.15(g)(1) (failing to notify clients of withdrawal of non-contingent fees from trust account); SCR 20:1.16(d) (failing to take steps to protect client's interests upon termination of representation); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); SCR 20:5.3 (failing to properly supervise nonlawyer assistants); SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); SCR 22.03(2) (failing to cooperate with an

6

OLR investigation); SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation); and SCR 22.26(1) (failing to comply with the duties of a person whose license to practice law in Wisconsin has been suspended).

¶10 The referee's report and recommendation in Case No. 2012AP2423-D sets forth the referee's determination that Attorney Boyle engaged in 22 counts of misconduct in four grievance matters.  Attorney Boyle had appealed from this report and recommendation, but now concedes that she cannot successfully defend herself against the professional misconduct described in the report and recommendation.  The misconduct, as determined by the referee, involved violations of the following rules:   SCR 20:1.1 (failing to provide competent representation); SCR 20:1.2(a) (failing to abide by a client's decisions concerning the objectives of representation); SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(2) (failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.5(a) (charging an unreasonable fee); SCR 20:1.5(b)(1) (failing to adequately explain the basis on which the lawyer's fee would be calculated); SCR 20:1.5(b)(2) (failing to

7

communicate in writing to the client the purpose and effect of any retainer or advance fee that is paid to the lawyer); SCR 20:1.15(b)(1) (failing to hold in trust property of clients and third parties that is in the lawyer's possession in connection with a presentation); SCR 20:1.15(b)(4) (failing to deposit advanced payments of fees and costs into trust account); SCR 20:1.16(a)(2) (failing to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); SCR 20:1.16(d) (failing to take steps to protect client's interests upon termination of representation); SCR 20:3.2 (failing to make reasonable efforts to expedite litigation of the client's case); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); and SCR 20:8.4(c)(engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

¶11 The OLR's complaint in Case No. 2013AP1592-D against Attorney Boyle alleges that that she engaged in 15 counts of misconduct in five grievance matters.  The alleged misconduct involved violations of the following rules:  SCR 20:1.2(a) (failing to abide by the client's decisions concerning the objectives of representation); SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(2) (failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished);  SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter);

8

SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.5(b)(1) (failing to adequately explain the basis on which the lawyer's fee would be calculated); SCR 20:1.5(b)(2) (failing to communicate in writing to the client the purpose and effect of any retainer or advance fee that is paid to the lawyer); SCR 20:1.5(b)(3) (failing to promptly respond to a client's request for information concerning fees and expenses); SCR 20:1.15(b)(4) (failing to deposit advanced payments of fees and costs into trust account); SCR 20:1.16(d) (failing to take steps to protect client's interests upon termination of representation); SCR 22.03(2) (failing to cooperate with an OLR investigation); and SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation).

¶12 Attorney Boyle's petition for consensual revocation states that she cannot successfully defend herself against the allegations of professional misconduct set forth in the OLR's summary of the matters still in the investigative process, the referee's report and recommendation in Case No. 2012AP2423-D, and the OLR's complaint in Case No. 2013AP1592-D. Attorney Boyle's petition asserts that she is seeking consensual revocation freely, voluntarily, and knowingly. Attorney Boyle states that she understands she is giving up her right to further contest the OLR's allegations. She further acknowledges that she has been given the opportunity to consult with counsel.

9

¶13 The OLR's report and recommendation in support of the petition contains a restitution request. The OLR requests that Attorney Boyle be ordered to pay restitution in the amount of $2,000 to former client J.T.; $10,000 to former client P.K.; and $5,000 to former client D.H.[2] The OLR further requests that Attorney Boyle be ordered to pay the amount of any award resulting from a November 2013 State Bar of Wisconsin fee arbitration hearing concerning her former client, L.W.[3] Attorney Boyle's petition states that she agrees that she should be ordered to pay these restitution amounts.

¶14 Having reviewed Attorney Boyle's petition, the OLR's summary of misconduct allegations in pending investigative matters, the referee's report in Case No. 2012AP2423-D, and the OLR's complaint in Case No. 2013AP1592-D, we conclude that the petition for consensual revocation should be granted. It is clear from the descriptions of the various representations that Attorney Boyle has engaged in a widespread pattern of serious professional misconduct that has harmed her clients. It is also clear that Attorney Boyle is currently unwilling or unable to

---

[2] Although the subject of some confusion during the pendency of the instant matter, the OLR confirmed in a May 23, 2014 filing with the court that it does not seek restitution for any of the matters described in the OLR's complaint in Case No. 2013AP1592-D. We accede to the OLR's judgment on this issue.

[3] In its report and recommendation in support of Attorney Boyle's petition, the OLR states that the parties are currently awaiting the arbitrator's decision.

10

conform her conduct to the standards that are required to practice law in this state.

¶15 Attorney Boyle asks the court to make her revocation effective as of January 30, 2014, the effective date of her six-month license suspension imposed in <u>In re Disciplinary Proceedings Against Boyle</u>, 2013 WI 103, 351 Wis. 2d 713, 840 N.W.2d 694.  The OLR endorses this request in its report and recommendation in support of the petition.  We reject Attorney Boyle's request.  Customarily, the effective date of a license revocation to be imposed for a lawyer's misconduct is the date of the court's order imposing the revocation.  We see no reason to depart from that practice here.

¶16 We further determine, in light of the OLR's report and Attorney Boyle's agreement, that Attorney Boyle should be required to pay $2,000 to former client J.T.; $10,000 to former client P.K.; $5,000 to former client D.H.; and the amount of any award resulting from the November 2013 State Bar of Wisconsin fee arbitration hearing concerning her former client, L.W.

¶17 Finally, we impose full costs.  The OLR seeks costs totaling $13,272.42 as of February 21, 2014.[4]  This figure

---

[4] We note that on May 21, 2014, the OLR filed an "Amended Statement of Costs and Recommendation" in Case No. 2013AP1592-D. This document lists approximately $600.00 in costs beyond those described in the OLR's February 21, 2014 recommendation in support of Attorney Boyle's petition for revocation.  In the interest of judicial efficiency, we look only to the cost total in the OLR's February 21, 2014 recommendation, as that total has long been settled by virtue of Attorney Boyle's choice not to object to it.

11

represents the costs incurred by the OLR in the pending appeal before this court, Case No. 2012AP2423-D, and in the disciplinary matter that led to the filing of the complaint in Case No. 2013AP1592-D.  Under SCR 22.24(1m), this court's general policy is to impose full costs.  Attorney Boyle has not objected to the OLR's requested costs and has not alleged any factors that would justify a reduction in costs. Consequently, Attorney Boyle shall bear the entire costs of this disciplinary proceeding.

¶18  IT IS ORDERED that the petition for consensual license revocation is granted.

¶19  IT IS FURTHER ORDERED that the license of Bridget E. Boyle to practice law in Wisconsin is revoked, effective the date of this order.

¶20  IT IS FURTHER ORDERED that within 60 days of the date of this order Bridget E. Boyle shall pay restitution in the amount of $2,000 to former client J.T.; $10,000 to former client P.K.; $5,000 to former client D.H.; and the amount of any award resulting from the November 2013 State Bar of Wisconsin fee arbitration hearing concerning her former client, L.W.

¶21  IT IS FURTHER ORDERED that within 60 days of the date of this order, Bridget E. Boyle shall pay the Office of Lawyer Regulation the costs of this proceeding.

¶22  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

12

¶23  IT IS FURTHER ORDERED that, to the extent she has not already done so, Bridget E. Boyle shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶24 ANN WALSH BRADLEY, J. *(concurring).* I write separately to address the issue of restitution. On May 6, 2014, the referee assigned to Case No. 2013AP1592-D, Attorney James W. Mohr, Jr., filed a report and recommendation pursuant to SCR 22.19(4). In his report, Referee Mohr recommended that the court revoke Attorney Boyle's Wisconsin law license, order her to pay the full costs of the proceeding, and order her to pay a total of $21,500 in restitution, less any provable offsets. I would order the restitution recommended by Referee Mohr.