**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nadeem MAHMOOD, Defendant–**
**Appellant.**

No. 00–3338.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 6, 2001.

Decided Sept. 13, 2001.

Before Hon. EASTERBROOK, Hon. MANION, Hon. DIANE P. WOOD, Circuit Judges.

Order

Attorney Dennis P. Coffey allowed this criminal appeal to linger for almost a year without filing a brief, leading us to issue an order requiring him to show cause why he should not be disbarred for abandoning his client. See Fed. R.App. P. 46(b). That order at last produced action (an *Anders* submission). Attorney Coffey apparently believes that the belated filing resolves all outstanding concerns. It does not. We conclude that professional discipline is appropriate, but that censure rather than disbarment is the right sanction. Any

similar problems in the future will lead to sterner (and swifter) action by this court.

Coffey, who represented Mahmood in the district court, filed a notice of appeal on his behalf on September 6, 2000. It took three months to complete the paperwork for Coffey's appointment as appellate counsel under the Criminal Justice Act. This court's order of appointment, entered on December 15, also specified that Mahmood's opening brief must be filed by January 17, 2001. That gave Coffey more than four months from the notice of appeal to prepare his brief.

January 17 passed without either a brief or a motion for extension of time. On February 2 we issued an order requiring Coffey to show cause for the failure. He responded by pleading overwork (he has a full plate of criminal trials) plus "oversight by counsel in calendaring." His response closed with a request for an extension of time to March 23 "so as to insure that no further extensions will be necessary." Coffey also represented that he "is prepared, should the court grant leave [for additional time to file the brief], to represent the appellate interests of the Defendant–Appellant in a manner consistent with future orders of the Court." Relying on this representation, we discharged the order to show cause and granted Coffey's request for more time.

On March 23, however, the court received not a brief but a request for additional time, even though this date had been selected "so as to insure that no further extensions will be necessary." Again Coffey relied on the flux of other litigation, to which he evidently gave higher priority than representing Mahmood. Coffey asked for an extension to May 1, representing that he "is certain the brief can be completed and filed with this Court on or before the requested deadline". Once burned, twice shy, but we relied on this promise of certainty and granted the requested second extension of time.

Come May 1, the court received a request for a third extension, this time to June 7. Yet again attorney Coffey listed his many other commitments; yet again he put the interests of these other clients ahead of Mahmood, even though Mahmood has been in prison since September 2000. Coffey represented that he "will take steps to ensure that the brief is filed with this Court on or before June 7, 2001." Experience with the unreliability of Coffey's promises might have led us to be skeptical of this commitment, but we granted this request too—with a notation that no further extensions would be forthcoming.

Perhaps this notation explains why, on June 7, we did not receive a request for a fourth extension of time. But neither did we receive a brief. Only silence emanated from attorney Coffey's offices. This led to the second order to show cause. In response Coffey represented to the court on July 2 that he "has completed the Brief to be submitted and will file the same no later than July 6, 2001. Only final editing and counsel's desire to speak with Mr. Mahmood by telephone once more by telephone [sic] prior to filing the Brief require the additional days."

July 6 passed without a brief. So did the next six weeks. Our patience exhausted, we issued on August 21 the third order to show cause, this time directing Coffey to explain why he should not be disbarred for abandoning his client. See *In re Riggs*, 240 F.3d 668 (7th Cir.2001). Although Coffey has done little to protect Mahmood's interests, he has responded with alacrity to the orders to show cause, which put his own interests in jeopardy. Again pleading a glut of other work, Coffey stated: "Counsel recognizes he should have either filed the brief in the Mahmood matter or sought, by motion, additional

time from this Court. Counsel deeply regrets his failure to address this matter in a timely fashion and his failure to keep his promise to this Court."

The use of the singular in this statement is inapt. More than one promise has been made and broken. And we have cause to question Coffey's factual assertions as well. If a brief had indeed been "completed" by July 2, requiring only final editing, why did nothing appear until September 4, when Coffey filed—not a brief but an *Anders* no-merit report and a request for leave to withdraw? Attorney Coffey may have anticipated that the substitution of an *Anders* report for a "completed" brief would cause eyebrows to be raised, and his response explains that he converted the brief to an *Anders* report because, "in a final review of the brief to be submitted, counsel determined that newly discovered case law made it likely that the issue relating to sentencing was without merit." Coffey did not identify this "newly discovered precedent," and the sentencing portion of the *Anders* submission cites no opinion more recent than 1996. This appeal has not been bedeviled by rapid evolution of case law.

We expect attorneys to represent their clients vigorously (imprisoned clients need urgent attention), meet filing deadlines, keep their promises to the court, and be completely candid. Coffey has disappointed all of these expectations. Some discipline is appropriate—and, because Coffey's response to our latest order does not request a hearing under Rule 46(b)(3), may be meted out summarily. We conclude that disbarment is not warranted. Since 1981 Coffey has represented clients in at least 26 appeals in this court (this is the count from LEXIS; our electronic docket does not reach back that far), and this appears to be the first time a disciplinary

action has been required. We have some ground to think, therefore, that what has occurred in Mahmood's appeal is not representative of Coffey's work. Unless the episode is repeated, we have no reason to doubt his fitness for our bar. But neither can we let the sorry performance in this appeal pass by. Accordingly, we censure attorney Coffey for failing to meet deadlines, failing to keep multiple promises made to the court, and giving preference to the interests of other clients over the interests of an imprisoned client who needed a vigorous appellate advocate. With this censure the disciplinary proceeding is closed. Any repetition of the conduct that led to this censure will result in immediate suspension from practice pending further discipline.

As for Mahmood's situation: We grant the motion to file the *Anders* report *instanter*, and that report will be submitted to a merits panel under Circuit Rule 34 with all possible speed.