T.C. Summary Opinion 2015-36

UNITED STATES TAX COURT

ERIC A. AMEGANKPOE AND NASMATH A. AMEGANKPOE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4706-13S.                    Filed June 1, 2015.

Eric A. Amegankpoe and Nasmath A. Amegankpoe, pro sese.

Jeremy J. Eggerth and John Schmittdiel, for respondent.

SUMMARY OPINION

MARVEL, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect during the year at issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.  Some monetary amounts are

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,646 in petitioners' Federal income tax for 2010 and an accuracy-related penalty of $1,329 under section 6662(a). After concessions by respondent[2] the issues for decision are (1) whether petitioners are entitled to deduct expenses that they reported on a Schedule C that they attached to their joint Form 1040, U.S. Individual Income Tax Return, for 2010 (2010 return) and (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a) and (b)(1).

## Background

Some of the facts have been stipulated and are so found. The stipulated facts and the facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioners resided in Minnesota when they petitioned this Court.

---

[1](...continued)
rounded.

[2]Respondent concedes that petitioners are (1) not liable for self-employment tax of $3,346; (2) allowed a deduction on Schedule C, Profit or Loss From Business, of $105 for travel expenses, see infra part IV.B; (3) allowed a Schedule C deduction for a $210 expense for tickets to a seminar in January 2010, see infra part IV.C.1; (4) allowed a Schedule C deduction of $45 for open meeting tickets, see infra part IV.C.2; and (5) not liable for an accuracy-related penalty under sec. 6662(b)(2) for an underpayment attributable to a substantial understatement of income tax.

Approximately 15 years ago Eric and Nasmath Amegankpoe immigrated to the United States from the Republic of Benin. Mr. Amegankpoe has since earned a bachelor's degree from the University of Saint Thomas and a master's degree in public health from the University of Minnesota. During 2010 Mr. Amegankpoe was employed as a chemical engineer and environmental scientist with 3M and Mrs. Amegankpoe was employed as a registered nurse.

In addition to their regular employment petitioners engaged in an Amway distributorship business. Petitioners did not keep contemporaneous records with respect to their Amway business.

Petitioners prepared a summary of their Amway-related expenses. In their summary petitioners recorded their Amway-related vehicle mileage on a monthly, and not on a per trip, basis. Petitioners submitted their summary to an H&R Block tax return preparer.

On their timely 2010 return petitioners reported wages of $92,621 and a business loss of $23,704. On a Schedule C attached to their 2010 return petitioners reported gross receipts, total expenses, and a net loss of $2,564, $26,268, and $23,704, respectively. Their reported expenses included car and truck expenses, travel expenses, and other expenses of $15,982, $1,741, and $5,955, respectively.

Respondent issued a notice of deficiency to petitioners fully disallowing their claimed Schedule C deductions for car and truck expenses, travel expenses, and other expenses. The deficiency notice explained that petitioners had failed to properly substantiate that they paid these expenses and that the expenses were ordinary and necessary business expenses. The notice of deficiency also imposed an accuracy-related penalty under section 6662(a).

## Discussion

I. Burden of Proof

Generally, the taxpayer bears the burden of proving his or her entitlement to any claimed deduction. See Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This includes the burden of substantiation. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

If a taxpayer produces credible evidence[3] with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the requirements of section 7491(a)(2), the burden

---

[3] "'Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'" Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

of proof on any such issue shifts to the Commissioner. See sec. 7491(a)(1). We decide this case, however, without regard to the allocation of the burden of proof. We therefore need not decide whether petitioners satisfied the requirements of section 7491(a). See Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), aff'g T.C. Memo. 2003-212; Knudsen v. Commissioner, 131 T.C. 185, 188-189 (2008).

II.     Deductions Generally

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Generally, section 262(a) disallows deductions for personal, living, or family expenses. See also sec. 1.162-17(a), Income Tax Regs.

A taxpayer ordinarily must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount

of the expense, we may estimate the amount allowable in some circumstances (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate deductions as the Code requires. See Cohan v. Commissioner, 39 F.2d at 544.

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Under section 274(d), a taxpayer must satisfy strict substantiation requirements before a deduction is allowable. These strict substantiation requirements apply to any traveling expense, including meals and lodging away from home, any item with respect to an activity in the nature of entertainment, or the use of listed property, as defined in section 280F(d)(4), including passenger automobiles.

To deduct these expenses, the taxpayer must "substantiate[] by adequate records or by sufficient evidence corroborating the taxpayer's own statement":

(1) the amount of the expense or other item; (2) the time and place of travel, entertainment, or use of the property; (3) the business purpose of the expense or other item; and (4) the business relationship of the taxpayer to the persons entertained or using the property. See sec. 274(d). With respect to the use of listed property, the taxpayer must establish the amount of business use and the amount of total use. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence corroborating the taxpayer's statement requires a statement by the taxpayer specifically detailing the required elements and the production of corroborative evidence in support of the taxpayer's statement. See sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). In general, corroborative evidence of an element must be direct evidence or documentary evidence. See id. subdiv. (i)(B), 50 Fed. Reg. 46020-46021. If the element is

either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure or use, however, corroborative evidence may include circumstantial evidence. See id.

III.    Petitioners' Recordkeeping Practices

Before addressing the substantive issues in this case we first consider whether petitioners' summary of Amway-related expenses was a contemporaneous record of those expenses. Mr. Amegankpoe testified that he had contemporaneously recorded the Amway-related travel expenses and mileage in a notebook and later transferred the information from the notebook to a spreadsheet that he maintained on a laptop computer at his home.[4] Mr. Amegankpoe further testified that he had (1) lost the 2010 notebook during a move and (2) lost all of the data on the laptop computer in another incident in or around 2012.

We decline to accept Mr. Amegankpoe's incredible testimony regarding petitioners' recordkeeping practices, which we find to be as believable as a student's assertion that his dog twice ate his homework. See In re Riggs, 240 F.3d 668, 670 (7th Cir. 2001). Instead, we find that petitioners prepared the summary

---

[4]Mr. Amegankpoe testified that the summary of Amway-related expenses that petitioners submitted to their return preparer was a printout of that spreadsheet.

of their Amway expenses shortly before they submitted the summary to their return preparer to use in preparing their 2010 return.

## IV. Petitioners' Claimed Deductions

### A. Car and Truck Expenses

On the Schedule C attached to their 2010 return petitioners claimed a deduction of $15,982 for car and truck expenses. These car and truck expenses are subject to the strict substantiation requirements of section 274(d).

Petitioners did not keep contemporaneous records relating to their claimed deduction for car and truck expenses. See supra part III. They also did not introduce any other credible evidence to substantiate the claimed car and truck expense deduction. We cannot estimate, under the Cohan rule, petitioners' allowable car and truck expenses. See sec. 274(d); Sanford v. Commissioner, 50 T.C. at 827. Accordingly, petitioners are not entitled to a deduction for car and truck expenses for 2010.

### B. Travel Expenses

On the Schedule C attached to their 2010 return petitioners claimed a deduction of $1,741 for travel expenses. In the summary of expenses that they submitted to their return preparer petitioners claimed to have paid lodging, air travel, and car rental expenses of $525, $1,190, and $25, respectively. These

travel expenses are subject to the strict substantiation requirements of section 274(d).

On the basis of a receipt for a hotel stay in January 2010 that petitioners introduced into evidence respondent concedes that petitioners paid a deductible lodging expense of $105 for that month. However, petitioners did not introduce any other credible evidence to substantiate the claimed travel expense, and we cannot estimate, under the Cohan rule, petitioners' allowable lodging expenses. See sec. 274(d); Sanford v. Commissioner, 50 T.C. at 827. Accordingly, petitioners are not entitled to a deduction greater than the amount that respondent conceded for travel expenses for 2010.

C.    Other Expenses

On the Schedule C attached to their 2010 return petitioners claimed a deduction of $5,955 for other expenses. On their Schedule C petitioners listed the following expenses as included in their reported other expenses:

| Expense | Amount |
| --- | --- |
| Training and seminars | $930 |
| Support materials | 1,430 |
| Communication | 3,595 |

### 1. Training and Seminars

In the summary of expenses that they submitted to their return preparer petitioners claimed to have paid seminar expenses of $930.[5] In particular, petitioners claimed to have paid the following seminar expenses in 2010: (1) $210 for tickets to the Indianapolis winter conference in January; (2) $30 for tickets to a business building seminar in March; (3) $210 for tickets to the Kansas City spring leadership conference in April; (4) $210 for tickets to the Cincinnati summer conference in June; (5) $30 for tickets to a business building seminar in July; (6) $210 for tickets to the Richmond free enterprise day in September; (7) $210 for tickets to the Springfield free enterprise day in October; and (8) $30 for tickets to a business building seminar in December.

On the basis of ticket stubs that petitioners introduced into evidence respondent concedes that petitioners paid a $210 expense for tickets to the Indianapolis winter conference in January 2010 and a $30 expense for tickets to the building business seminar in February 2010. Respondent concedes that petitioners are entitled to a deduction for the tickets to the Indianapolis winter conference but does not concede that petitioners are entitled to a deduction for the

_____

[5]The summary contains a reference to a $210 seminar expense for June for the Cincinnati summer conference that appears to have been omitted from the amount that petitioners reported as an expense on their 2010 return.

tickets to the building business seminar in February 2010 or for any of the other seminars.

Petitioners also introduced into evidence copies of emails showing that they made hotel reservations for the Kansas City spring leadership conference, the Cincinnati summer conference, and the Springfield free enterprise day. We are satisfied that petitioners actually paid $30 for tickets to the building business seminar in February 2010 and $210 for each of the Kansas City, Cincinnati, and Springfield events and that the seminars had a business purpose under section 162(a). We therefore allow petitioners a deduction for these expenses. However, petitioners have introduced no credible evidence that they actually paid any of the other reported seminar expenses, and we sustain respondent's disallowance of a deduction for those expenses.

### 2. Support Materials

In the summary of expenses that they submitted to their return preparer petitioners claimed to have paid support materials expenses of $1,430. On the basis of nine $5 ticket stubs that petitioners introduced into evidence respondent concedes that petitioners paid $45 in deductible expenses for tickets to open meetings in 2010.

Petitioners did not produce any credible evidence establishing that they actually paid the remainder of the support materials expenses. We therefore sustain respondent's disallowance of a deduction for those expenses.

### 3. Communications

In the summary of expenses that they submitted to their return preparer petitioners claimed to have paid communications expenses totaling $3,595. In particular, petitioners' summary listed the following items:

| Months | Internet/ phone | Cellular phone | CommuniKate | IBO Webspace |
|---|---|---|---|---|
| Jan., Mar., May, July, Sept., Nov. | $26.99 | $200 | $35.95 | $49.95 |
| Feb., Apr., June, Aug., Oct., Dec. | 85.00 | 120 | 35.95 | -0- |

Petitioners did not offer any plausible explanation for why many of their Amway-related communications expenses were paid--in whole or in part--only during alternate months. Additionally, petitioners did not maintain the summary contemporaneously. See supra part III. We therefore do not find the summary to be credible evidence with respect to petitioners' claimed communications expenses.

Petitioners also introduced into evidence copies of bills for cellular telephone service and Internet service for 2010. However, petitioners used these services for personal as well as business purposes, and they have not provided us with any credible means of estimating what percentage of these expenses were deductible business expenses. See Williams, 245 F.2d at 560; Vanicek v. Commissioner, 85 T.C. at 743. We therefore sustain respondent's disallowance of a deduction for these expenses.

V.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on an underpayment of tax that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs. Disregard of rules or regulations "is 'careless' if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position" and "is 'reckless' if the taxpayer makes little or no effort to determine whether a rule or regulation exists,

under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe." Id. subpara. (2); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985).

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that he or she acted in good faith. See sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Reliance on a tax professional demonstrates reasonable cause when a taxpayer (1) selects a competent tax adviser, (2) supplies the adviser with all relevant information, and (3) relies in good faith on the adviser's professional judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient

evidence indicating that it is appropriate to impose the penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position.  See Higbee v. Commissioner, 116 T.C. at 446-447.

The disallowed deductions in this case are directly attributable to petitioners' failure to maintain adequate records for their Amway business and to comply with applicable regulations.  Petitioners have not shown that they had reasonable cause for these failures.  Although petitioners used a professional return preparer to prepare their returns, the record shows that the return preparer relied on petitioners' summary of their Amway expenses and that the summary was unreliable.  See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99. We therefore sustain respondent's imposition of the accuracy-related penalty under section 6662(a) and (b)(1).

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.